

FILED by ___ D.C.

NOV 2 3 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: _____

# 09-23551

GABRIEL BARO,            :

      Plaintiff,       :

-vs-                      :

REMOS BUILDING &         :
DEVELOPMENT CORP.

                     :

      Defendant,       :
_____/

## CIV - HUCK

### MAGISTRATE JUDGE
### O'SULLIVAN

## DEFENDANT'S NOTICE OF REMOVAL

**COMES NOW**, Defendant, Remos Building & Development Corp., by and through

the undersigned counsel and hereby removes the action pending in the Circuit Court of the

Eleventh Judicial Circuit, Miami- Dade County, Florida, as case number 09-78984 CA 13.

The Circuit Court for the Eleventh Judicial Circuit, Miami- Dade County, Florida, is within

the Southern District of Florida and within this division.

Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§1331

and 1441(b). Federal question arises under the Fair Labor Standards Act ("FLSA") 29

U.S.C. §216.

    I.      Procedural Compliance.

This notice of removal is timely pursuant to 28 U.S.C. §1446(b). Plaintiff, Gabriel

Baro, filed this action on October 26, 2009 and service of process was made on November

14, 2009.  Copies of the process, pleadings, orders, and other papers or exhibits on file with the state court are attached as Exhibit "A" in accordance with 28 U.S.C. §1446(a).

Contemporaneously with the filing of this notice of removal, the undersigned served a Notice of Filing Notice of Removal to Federal Court upon plaintiff as required by 28 U.S.C. §1446(d).

II.    Summary of Grounds for Removal.

Removal is grounded upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441(b), Under the "well pleaded complaint rule,"  federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (1987). This Court has original jurisdiction over this action under 28 U.S.C. §1331, and may be removed pursuant to 28 U.S.C. §1441(b), because the Plaintiff's causes of action for alleged FLSA arise under federal law.

III.    Conclusion.

Removal is proper because this matter falls within this Court's subject matter jurisdiction under 28 U.S.C. §§1331 and 1441(b).   This Court has federal question jurisdiction because the Plaintiff's FLSA claim is clear from the face of the complaint. Furthermore, Defendant has met all procedural prerequisites for removal, and this notice is timely filed.   Defendant respectfully requests that this Court take jurisdiction over this matter and conduct all further proceedings in this case.

*(Certificate of service on the following page)*

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished, by U.S. Mail to the person(s) listed in the attached service list on this 24th day of November 2009.

Respectfully,

MILLER, KAGAN, RODRIGUEZ, & SILVER PL
Attorneys For Defendant,
Remos Building & Development Corp.
201 Alhambra Circle
Suite 802
Coral Gables, FL 33134
Tel.    (305) 446-5228
Fax    (305) 446-7110

By: _____
          Sergio R. Casiano, Jr.
          Fla. Bar No.: 457302
          Email: sergioc@mkrs.com

3

## SERVICE LIST

CASE NO.: _____

Service Via CM / ECF:

    None.

Service via U.S. Mail:

Lawrence J. McGuinness, Esq.
Lawrence J. McGuinness, P.A.
1627 S.W. 37 Avenue
Suite 100                                    representing        Gabriel Baro
Miami, FL 33145                                                   *(Plaintiff)*
Tel. (305) 445-9557
Fax (305) 445-9559
Email:  ljmpalaw@comcast.net

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

GABRIEL BARO,                    :     CASE NO. 09-79984 **CA 13**
                                 :
          Plaintiff,             :
                                 :
vs.                              :
                                 :
REMOS BUILDING &                 :
DEVELOPMENT CORP.,               :
                                 :
          Defendant.             :     **SUMMONS**
_____/

                                                          11/4

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of
the Complaint in this action on Defendant **BY SERVING, PURSUANT TO**
**F.S. §48.091:**

          Registered Agent:    Alejandro Remos
                               6883 S.W. 112th St.
                               Pinecrest, FL 33156

     If service cannot be made on the President because of failure
to comply with F.S. § 48.091, service of process shall be
permitted on any employee at the corporation's place of
business.

     **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY**
**AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

     1.   The president or vice president, or other head of the
corporation; and/or in his or her absence;

     2.   The cashier, treasurer, secretary or general manager; and
in the absence of all of the above;

     3.   Any director; and in the absence of all of the above; or

     4.   Any officer or business agent residing in the state.

-1-

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

LAWRENCE J. McGUINNESS, P.A.
Attorneys for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Tel No.: (305) 445-9557
Fax No.: (305) 445-9559

Attention:   LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.


OCT 2 6 2009

DATED ON _____, 2009.


Harvey Ruvin,
Clerk of the Court
TARON BETHEL

By:_____
as Deputy Clerk

-2-

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09-78984 CA 13

GABRIEL BARO,              :

        Plaintiff,     :

vs.                        :

REMOS BUILDING &           :
DEVELOPMENT CORP.,         :
                           :
        Defendant.    :   **COMPLAINT**
_____/

Plaintiff, through counsel, sues Defendant for overtime violations and retaliation, and states:

## A. JURISDICTION, PARTIES & VENUE

1.  The amount in dispute in these proceedings exceeds the sum of $15,000.00, exclusive of interest, costs and attorneys' fees. Plaintiff also seeks equitable and injunctive relief as allowed by the FLSA. This is a claim by Plaintiff against Defendant for overtime violations and retaliation.

2.  Plaintiff worked for Defendant in Miami-Dade County, Florida from March 2009 until June 2009 when he was fired by Defendant.

3.  Defendant engages in business in Miami-Dade County, Florida.

## B. GENERAL ALLEGATIONS

4.  For his overtime claim, Plaintiff worked an average of 15+ overtime hours per work week while employed by Defendant but Defendant failed to pay Plaintiff overtime pay for those hours.

5.   Defendant   paid   Plaintiffs   $11.00   per   hour   which translates to an overtime rate of $16.50 per hour.   As such, for each work week that Plaintiff worked for Defendant, he is owed $247.50 in unpaid overtime and $247.50 in liquidated damages.

6.   Plaintiff has performed and/or satisfied all conditions precedent   on   his   part   to   be   performed   and/or   Defendant   has otherwise waived such conditions by its actions.

7.   Plaintiff is entitled to his attorneys' fees and costs for bringing this action pursuant to the §216 of the FLSA and Plaintiff has retained the undersigned law firm and is obligated thereby to pay for their fees and costs incurred herein.

## COUNT I
## UNPAID OVERTIME

8.   Plaintiff   readopts   and   realleges   all   allegations contained in ¶¶ 1-7 above.

9.   Plaintiff   brings   this   Count   under   the   Fair   Labor Standards   Act,   29   U.S.C.   §201   et   seq.   (the   "FLSA")   against Defendant for overtime violations.

10.   Plaintiff   worked   for   Defendant   as   non-exempt   hourly employee and was not paid any overtime despite working an average of 15+ hours per week.

11.   Plaintiff seeks to recover from Defendant unpaid overtime compensation,   as   well   as   an   additional   amount   as   liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).   Plaintiff is also seeking that the Court enjoin and/or enter injunctive relief against Defendant for its overtime violations of the FLSA.

12.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

13.   Defendant was, and at all times pertinent to this Complaint, engaged in interstate commerce and is otherwise subject to the FLSA.  By reason of the foregoing, Defendant was, during all times hereafter mentioned, an enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

14.   By reason of his employment with Defendant, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).  The work performed by Plaintiff was directly essential to the those interstate activities described in ¶13 above, which was directly essential to the business performed by Defendant.  Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce.

15.   At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act (i.e., 55+) but no provision was made by Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

16.   Defendant also violated the record keeping provisions of the FLSA by failing to require and/or maintain accurate records of Plaintiff's hours of work.

17.   Plaintiff was entitled to be paid at his applicable overtime for all hours worked in excess of forty (40) per workweek.

-3-

18. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime compensation by its failure to pay Plaintiff for his overtime hours in accordance with the FLSA.

19. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demand judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215(a)(3)
## AGAINST DEFENDANT

20. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-7 above.

21. Shortly before he was fired, Plaintiff complained to Defendant that he was owed his overtime hours.

22. In response to Plaintiff's complaint, Defendant fired Plaintiff.

23. Based on ¶¶ 21-22, Defendant violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning its retaliation against Plaintiff for complaining about not receiving overtime.

-4-

24.  By reason of the foregoing acts of Defendant, Plaintiff has suffered damages, including lost income and benefits, plus incurring costs and reasonable attorney's fees as provided for by the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant for its violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable for Counts I and II.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiffs
1627 S.W. 37th Ave., Unit 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559

BY: _____
LAWRENCE J. McGUINNESS
Fla. Bar No. 814611

-5-

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

FILED by _RGS_ D.C.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

09-23551

NOV 23 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## I. (a) PLAINTIFFS
GABRIEL BARO

**DEFENDANTS**
Remos Building & Development Corp.

(b) County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Lawrence J. McGuinness, Esq.
1627 SW 37 Avenue, Suite 100
Miami, FL 33145        Tel. (305) 445-9557

Attorneys (If Known)
Sergio R. Casiano, Jr., Esq., Miller, Kagan, Rodriguez & Silver, PL
201 Alhambra Circle, Suite 802, Coral Gables, FL 33134

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

CIV-HUCK

MAGISTRATE JUDGE
O'SULLIVAN

| | PTF | DEF |
|---|---|---|
| Citizen of This State | ☐ 1 ☐ 1 | Incorporated or Principal Place of Business In This State ☐ 4 ☐ 4 |
| Citizen of Another State | ☐ 2 ☐ 2 | Incorporated and Principal Place of Business In Another State ☐ 5 ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 ☐ 3 | Foreign Nation ☐ 6 ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
✓ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO

JUDGE                          DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Fair Labor Standards Act, 29 USC 216.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
S-RC

DATE 11/23/09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1012401
11/23/09